UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:25-CV-00001-CRS-LLK

ASHLEY M.                                                                                              PLAINTIFF

v.

COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

Ashley M. ("Claimant") applied for disability insurance benefits under Tile II of the Social Security Act. The Commissioner of Social Security denied her application. Magistrate Judge Lanny King has recommended that the denial be affirmed. 01/05/2026 Report and Recommendation, DN 18. This matter is now before the Court on Claimant's Objections to the magistrate judge's Report. 01/20/26 Objections, DN 19. Claimant has presented two objections. For the reasons set forth below, the Court will overrule those objections and accept the majority of magistrate judge's report as the opinion of this Court.

## BACKGROUND

Based on certain health conditions, including mental issues due to spousal abuse, Claimant applied for disability benefits on March 22, 2022. Her claims were denied initially and on reconsideration. After a telephonic hearing, an administrative law judge ("ALJ") issued a written decision, finding there were jobs in the national economy which Claimant can perform. 12/19/2023 ALJ Decision, Admin. Rec. at 42 (DN 8 at PageID# 66). As a result of this finding, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. Claimant sought review from the Appeals Council. Her request was denied on November 15, 2024. Thus, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a). Claimant initiated the instant judicial proceedings on January 2, 2025,

seeking reversal of the ALJ's decision. Complaint, DN 1. Following receipt of the administrative record and the parties' briefs, the magistrate judge rejected Claimant's arguments for reversal and recommended that the denial of benefits should be affirmed. 01/05/2026 Report, DN 18.

**A.   The Pertinent Argument Presented by Claimant to the Magistrate Judge**

Claimant made three arguments for reversal of the ALJ's decision. All three concerned the ALJ's review and assessment of a medical source opinion rendered by Dr. Lisa Clausen. Only a portion of those arguments is germane to Claimant's Objections to the magistrate judge's Report. Thus, this section is limited to an explanation of Claimant's pertinent contentions.

Dr. Clausen is a state agency psychological consultant who evaluated Claimant's mental impairments by reviewing medical records. Claimant's reversal-arguments concerned a finding by Dr. Clausen about Claimant's ability to process "detailed instructions." This finding is contained in Dr. Clausen's assessment of Claimant's Mental Residual Functional Capacity. More particularly, the finding expresses a limitation in the category of understanding and memory. This category focuses on a claimant's ability to understand and remember information necessary to perform a job.[1] With respect to this category, Dr. Clausen stated that Claimant "can follow short and simple instructions, but may need reminders with respect to more detailed instructions . . . ." 12/6/2022 Clausen Report, AR at 86 (DN 8 at PageID# 110) (hereafter the "Detailed-Instructions Limitation."). Based on this finding and others, Dr. Clausen concluded that Claimant is limited to "simple, unskilled" work with "reduced social interaction." *Id.* at 87. The ALJ found that Dr. Clausen's conclusion was partly persuasive.

The ALJ rejected Dr. Clausen's opinion as to a social-interaction limitation but was persuaded by her opinion as to Claimant's being limited to "simple, unskilled tasks." 12/19/2023

---

[1] 20 C.F.R. § 404.1520a(c)(3) (explaining first of four categories in which claimant's degree of functional limitation is rated as the ability to understand, remember or apply information).

ALJ Decision, AR at 40; DN 8 at PageID# 64. The ALJ based his conclusion on the Claimant's record of borderline intellectual functioning ("BIF"), mental status exams, and a finding that Claimant had "a moderate limitation in understanding, remembering, or applying information." *Id.* Thus, the ALJ concluded that Claimant "is limited to simple work tasks." *Id.* This conclusion constituted part of the ALJ's residual functional capacity ("RFC") determination.

Claimant argued that the ALJ's conclusion was wrong because she failed to address the Detailed-Instructions Limitation: "the ALJ did not indicate that they recognized specific limitations from Dr. Clausen's opinions, which limitations are relevant to the RFC and the finding of available work." Plaintiff's Brief, DN 14 at PageID# 768. Claimant contended that this omission resulted in reversible error. Specifically, according to Claimant, the ALJ erred in her conclusion that Claimant can work in jobs "which require a GED Reasoning of 3 and a Temperament of T." *Id.* In Claimant's view, the Detailed-Instructions Limitation indicated both that Claimant "could only perform jobs with a GED Reasoning Level of 2 (or less)" and that she did not have the right temperament for the jobs which the ALJ found she can perform. *Id.* at PageID# 770.[2] These conflicts, Claimant maintained, showed that the ALJ must have rejected Dr. Clausen's Detailed-Instructions Limitation but the ALJ did not explain why she rejected that limitation, an omission that required reversal. *Id.* at PageID# 771. At the same time, absent such an explanation, the ALJ's RFC determination stood in conflict with Dr. Clausen's opinion. *Id.* at PageID# 770-71. That conflict required the conclusion that the ALJ's RFC determination was not supported by substantial evidence, another error that required reversal. *Id.*

---

[2] "GED" stands for General Educational Development. It is a metric used in the Dictionary of Occupational Titles (the "DOT"). The DOT defines, classifies and outlines the tasks, skills and requirements for over 12,000 jobs. The GED Reasoning Levels describe the kind of reasoning and logic required for a worker to perform particular jobs satisfactorily. Temperament levels speak to adaptable worker personality traits required for success in particular jobs. Vocational experts and ALJ's rely on the DOT in determining what jobs, if any, a claimant can perform despite the claimant's mental (and physical) limitations.

3

**B. The Magistrate Judge's Rejection of Claimant's Argument**

The magistrate judge was not persuaded by Claimant's argument. In pertinent part, he rejected Claimant's assertion that the Detailed-Instructions Limitation meant that Claimant could not perform Level 3 Reasoning work. Report, DN 18 at PageID# 803-04. In reaching that conclusion, the magistrate judge relied on language in *Joyce v. Comm'r of Soc. Sec.* which states that there is no "'per se inconsistency between jobs requiring reasoning levels two or three and a limitation to simple work.'" Report, DN 18 at PageID# 803-04 (quoting *Joyce,* 662 F. App'x 430, 436 (6th Cir. 2016)). The magistrate judge also reasoned that Dr. Clausen's Detailed-Instructions Limitation did not necessarily present a conflict with the reasoning required by Level 3 jobs because the limitation was cast in uncertain terms. The magistrate judge emphasized Dr. Clausen's use of the word "may." *Id.* at PageID# 803. Dr. Clausen stated that Claimant "*may* need reminders with respect to more detailed instructions," which, in the magistrate judge's view, was a "speculative, not definitive" opinion. *Id.* (emphasis in original). Claimant has made two objections to this rationale.

## APPLICABLE STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of a magistrate judge's report to which a claimant timely and specifically objects in writing. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Objections must "pinpoint those portions of the" magistrate judge's "report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). After reviewing all properly raised objections, the district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

For her Objections, Claimant first contends that the magistrate judge improperly supplied a reason for upholding the ALJ that was not propounded by the ALJ herself. Objections, DN 19 at

PageID# 810 (citing *Calcutt v. Fed. Deposit Ins. Corp.*, 598 U.S. 623 (2023) and *SEC v. Chenery Corp.*, 332 U.S. 194 (1947)). *Calcutt* and *Chenery* stand for the proposition that an agency's decision can only be affirmed on the grounds that the agency invoked for reaching its decision. Claimant contends that the magistrate judge's "speculative, not definitive" finding violated this rule. Second, Claimant contends that the magistrate judge erred by citing *Joyce* as support for affirming the ALJ. Claimant asserts that *Joyce* does not require the conclusion that no conflict existed between a limitation to simple tasks and the ALJ's RFC determination. *Id.* at PageID# 811. The Court will address each Objection, in turn, below.

**A. Claimant's First Objection**

In *Calcutt*, the Supreme Court held that a court cannot uphold an agency's decision on a ground not originally articulated by the agency. 598 U.S. at 628-29 (court is powerless to affirm administrative action by substituting what it considers to be more adequate or proper basis for the action) (quoting *Chenery*, 332 U.S. at 196). Claimant contends that the magistrate judge violated this rule when he found that the language used in the Detailed-Instructions Limitation expressed only a possibility and not an actuality. Objections, DN 19 at PageID# 810. The magistrate judge did state that "Dr. Clausen's opinion that Plaintiff can follow short and simple instructions but *may* need reminders with respect to more detailed instructions is speculative, not definitive." Report, DN 18, at PageID# 803 (emphasis in original). This statement was made in that part of the Report which led to the magistrate judge's rejection of Claimant's "GED Reasoning Levels argument." *Id.* at PageID# 803-04. At the same time, the statement follows this assertion: "The ALJ used Dr. Clausen's own words—minus the social interaction component—and gave good reasons for rejecting Dr. Clausen's assignment of social limitations." As a result, it is not clear whether the magistrate judge's "speculative, not definitive" statement was propounded as an additional reason to uphold the ALJ or simply a criticism of Claimant's argument.

5

What is clear is that the statement does not comprise the only ground on which the recommendation for affirming the ALJ rests. The Report shows that the recommendation rests on a review of the record on which the ALJ did rely for her decision. The Report states that the magistrate judge "reviewed the medical and other evidence, *particularly the facts and sources relied upon by the ALJ in formulating the RFC*." *Id.* at PageID# 805 (emphasis added). Based on that review, the magistrate judge concluded that "the ALJ's decision stands solidly on substantial evidence." Thus, while the Court appreciates Claimant's concern, it finds that the magistrate judge's indeterminate statement does not mandate the conclusion that he justified upholding the ALJ by using a ground on which the ALJ did not herself rely.

**B. Claimant's Second Objection**

Claimant contends that the magistrate judge erred in his application of *Joyce* to this case. She asserts that *Joyce* left "'open the possibility that an ALJ might reversibly err by failing to inquire about or resolve a conflict between the DOT reasoning levels and a simple-tasks limitation.'" Objections, DN 19 at PageID# 811 (quoting *Joyce*, 662 F. App'x at 436). Claimant is correct with respect to the import of the *Joyce* decision. However, she is incorrect with respect to its application in this case. Thus, she has not provided a ground for reversal.

The facts in the *Joyce* case are similar in many ways to the instant matter. However, they differ in a couple of key components. Those differences lead to the conclusion that while the magistrate judge construed *Joyce* too narrowly, he did not ultimately err. In *Joyce*, the ALJ found that the claimant was not disabled because there were jobs in the national economy which he could perform. *Id.* at 432. In reaching this conclusion, the ALJ relied on the testimony of a vocational expert ("VE") who identified cashier and ticket seller as jobs consistent with the claimant's capabilities. *Id.* On appeal, the claimant argued that "the ALJ erred by failing to resolve an inconsistency between his functional limitations and the VE's testimony" that he could work as a

ticket seller or cashier. *Id.* The claimant was limited to "one-, two-, three-step instructions." *Id.* at 435-36. The ticket seller and cashier jobs required GED Level 3 reasoning. *Id.* at 436. The claimant contended that his limitation conflicted with an ability to perform such jobs and further that the ALJ should have resolved that conflict. *Id.* at 435.

Joyce argued that the error mandated remand. The Court of Appeals rejected that argument, noting that it had "declined to recognize a *per se* inconsistency between jobs requiring reasoning levels two or three and a limitation to simple work." *Id.* at 436. However, the lack of a *per se* inconsistency did not determine whether the ALJ nonetheless erred. *Id.* The Court left "open the possibility that an ALJ might reversibly err by failing to inquire about or resolve a conflict between the DOT reasoning levels and a simple-tasks limitation." *Id.* The Court of Appeals found that the ALJ had erred in this way because "nothing in the record suggest[ed] that the ALJ identified, let alone resolved, any discrepancy," between the claimant's limitation and the VE's testimony that he could perform Level 3 jobs. *Id.* at 435-36. The ALJ had not asked the VE whether the VE's testimony was consistent with the DOT nor had the ALJ made an inquiry that may have resolved the seeming conflict. *Id.* at 435.

By contrast, in the instant case, the ALJ did ask the VE whether the VE's testimony was consistent with the DOT. By doing so, the ALJ discharged her duty to resolve any conflict between the simple tasks limitation and Claimant's ability to perform the Level 3 jobs identified by the VE. Thus, while Claimant is right to say that an ALJ has an affirmative duty to resolve such conflicts, "[i]n this circuit, an ALJ satisfies her duty to inquire if she asks the VE whether the VE's testimony is consistent with the DOT and receives an affirmative response." *Id.* In this case, that duty was discharged by the ALJ. 07/18/2025 Hearing Transcript, AR at 72-73; DN 8 at PageID# 96-97.

That brings the Court to the premise for Claimant's assertion that the Detailed-Instructions Limitation presented a conflict. The Court disagrees with this premise. Dr. Clausen concluded that

7

Claimant is limited to "simple, unskilled" work. 12/06/2022 Report, AR at 87, DN 8 at PageID# 111. Dr. Clausen reached that conclusion in light of all her findings, which would include her Detailed-Instructions Limitation, *i.e.*, her finding that Claimant "may need reminders with respect to more detailed instructions." *Id.* at PageID# 110. That is, in Dr. Clausen's opinion, despite any need for such reminders, Claimant can perform "simple, unskilled" work. *Id.* at 111. Thus, Dr. Clausen's "simple, unskilled" work limitation already incorporates the Detailed-Instructions Limitation. Thus, the ALJ did not err by using Dr. Clausen's ultimate conclusion—a limitation to simple tasks—as the limit that was relevant to his RFC determination. And, thus, she did not err when she used that simple tasks limitation to question the VE about jobs in the economy that Claimant can perform. Finaly, as noted above, any conflict between the simple tasks limitation and the DOT Level 3 jobs to which the VE testified was resolved by the ALJ. There is no error here.

## CONCLUSION

For the reasons stated herein, Claimant's Objections **(DN 19)** are **OVERRULED. With some exception**, the Court will adopt the Findings of Fact, Conclusions of law and Recommendation of Magistrate Judge King **(DN 18)** (the "Report"). The Court **REJECTS** the following rationale contained in the Report:

> Dr. Clausen's opinion that Plaintiff can follow short and simple instructions but *may* need reminders with respect to more detailed instructions is speculative, not definitive. Furthermore, Dr. Clausen also opined that Plaintiff "can carry out short instructions and detailed instructions" making Plaintiff's argument which hangs on "may" even weaker. As the Commissioner notes, Plaintiff's argument rests entirely upon the assumption that limiting Plaintiff to "simple tasks" is somehow inconsistent with the "reasoning level 3" jobs identified by the vocational expert and relied upon by the ALJ at step five. In fact, the Commissioner cites to Sixth Circuit case law which explains that there is no "per se inconsistency between jobs requiring reasoning levels two or three and a limitation to simple work." *Joyce v. Comm'r of Soc. Sec.*, 662 F. App'x 430, 436 (6th Cir. 2016) (citing *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011).

The remainder of the Report is **HEREBY ADOPTED** in its entirety as the Opinion of the Court and is incorporated by reference herein.

A separate judgment will be entered contemporaneously with this Order.

There being no just reason for delay, this is a final Order.

March 3, 2026

Charles R. Simpson III, Senior Judge
United States District Court

9